FILED
2020 Feb-19 AM 08:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| DREAMA MOORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELTA AIR LINES, INC., )<br>)<br>Defendant. ) | Case No. 5:18-cv-00485-HNJ |

## **PRETRIAL ORDER**

A pretrial conference was held in the above case on February 18, 2020, wherein, or as a result of which, the following proceedings were held and actions were taken:

1. <u>Appearances</u>.   Appearing at the conference were:

   For *Plaintiff Dreama Moore*: Jon C. Goldfarb, L. William Smith

   For *Defendant Delta Air Lines, Inc.*: David B. Block, Stephanie H. Mays, Jordan S. Hennig

2. <u>Jurisdiction and Venue</u>.

   (a)   The court has subject matter jurisdiction of this action under the following statutes, rules or cases: 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e et seq.

   (b)   All jurisdictional and procedural requirements prerequisite to maintaining this action have been met.

   (c)   Personal jurisdiction and/or venue are not contested.

3. <u>Parties and Trial Counsel</u>.   Any remaining fictitious parties are hereby **STRICKEN.** The parties and designated trial counsel are correctly named as set out below:

|  | Parties: | Trial Counsel: |
|---|---|---|
| Plaintiff(s): | **Dreama Moore** | **Jon C. Goldfarb, L. William Smith, Christina M. Malmat** |
| Defendant(s): | **Delta Air Lines, Inc.** | **David B. Block, Stephanie H. Mays, Jordan S. Hennig** |

4. <u>Claims and Defenses</u>.   The following claims and defenses have been allowed:

Plaintiff brings a claim for wrongful discipline in violation of 42 U.S.C. § 1981 arising from the issuance of the August 12, 2016 Final Corrective Action Notice ("FCAN"). Plaintiff asserts this claim under two redundant theories of relief: discrimination (mixed motive or pretext) and retaliation. To prevail on her claim under a discrimination theory, Plaintiff must prove that her African-American race was a motivating factor that prompted Defendant to issue the FCAN. To prevail on her retaliation theory, Plaintiff must show that Defendant would not have issued the FCAN had Plaintiff "not engaged in the protected activity but everything else had been the same."

If a jury finds in favor of Plaintiff on her discrimination theory of relief, then the jury must decide whether Defendant has shown by a preponderance of the evidence that it would have issued the FCAN even if Defendant had not taken Plaintiff's race into account.

Delta provides a defense that it acted reasonably, in good faith, with non-discriminatory and non-retaliatory reasons in accordance with the governing law at all relevant times. Defendant claims that neither Plaintiff's race nor her protected activity were a motivating factor in the decision to issue the FCAN. Defendant asserts that it

would have issued the FCAN even if it had not taken her race or protected activity into account.

     5.     Statement of the Case.

         (a)     Narrative Statement of the Case.

The Plaintiff, Dreama Moore, brings a claim for wrongful discipline under 42 U.S.C. § 1981 (one of the federal statutes that prohibits race discrimination and retaliation in employment). Specifically, Plaintiff alleges that her race was at least a motivating factor in Defendant's decision to issue her a Final Corrective Action Notice on August 12, 2016. Plaintiff further alleges that the Final Corrective Action Notice was issued in retaliation for her prior complaints of race discrimination. Defendant denies Plaintiff's claims and denies that Plaintiff is entitled to relief.

         (b)     Undisputed Facts.

1. Plaintiff was hired as a "ready reserve" customer service agent in Huntsville, in July 2007, and eventually became a regular customer service agent. (Moore 50:22-54:19). Her job duties involved working at the ticket counter, working in the baggage service office, and working at the gate. (Moore 109:23-111:14). During 2016, Plaintiff was usually in the baggage service office. (Moore 111:15-112:4).

2. During the time period relevant to this action, Randy Tiemann ("Tiemann") was the station manager for Delta at the Huntsville airport. (Tiemann 10:18-20, 13:5-10). Tiemann supervises the ground staff, including customer service agents (CSAs). (Tiemann 13:15-15:3).

3. Bill Johnson ("Johnson") was the Operations Service Manager during Plaintiff's employment and Plaintiff's direct supervisor. (Tiemann 17:7-21; Moore 59:6-13).

4. Tiemann reported to Nancee Franklin, Field Director - Airport Customer Service. (Franklin 4:13-18; 7:9-17).

5. Delta issued a final corrective action notice to Plaintiff on August 12, 2016. (EX 8, PX 8; Tiemann 98:20-99:4).

         (c)     Plaintiff's Claims:    Wrongful Discipline in Violation of 42 U.S.C.

      § 1981 – Discrimination and Retaliation.

  (d)  <u>Damages</u>

I.  As stated above, Plaintiff's discrimination and retaliation theories of relief are redundant; prevailing on either claim will entitle Plaintiff to full relief on her wrongful discipline claim. Plaintiff seeks an award of compensatory and punitive damages in an amount to be determined by the jury.

II.  Plaintiff seeks an award for emotional distress, pain, and suffering in an amount to be determined by the jury. Plaintiff does not intend to ask for a specific amount but intends to ask the jury to rule in accordance with this Court's jury instructions regarding compensatory damages.

III.  If she prevails on her wrongful discipline claim under either or both theories of relief, Plaintiff seeks a fully compensatory award of reasonable attorney's fees and costs, pre- and post-judgment interest, and other relief as authorized by § 1981 and 42 U.S.C. § 1988.

  (e)  <u>Defendant's Defenses</u>.

I.  Wrongful Discipline in Violation of 42 U.S.C. § 1981 – Discrimination and Retaliation.

II.  Delta acted reasonably, in good faith, with non-discriminatory and non-retaliatory reasons in accordance with the governing law at all relevant times. Delta disciplined Ms. Moore for the legitimate reasons listed in the FCAN, written coaching, and related documents. Her race had nothing to do with the discipline, nor did Ms. Moore's email to Mr. Tiemann on August 8, 2016.

III.  Delta will demonstrate that Ms. Moore having her child at work was in fact different than Mr. Kruebbe having his children at work, and that those differences justified Ms. Moore receiving the FCAN and Mr. Kruebbe receiving a coaching.

IV.   Based on Ms. Moore's history of employment issues, Delta would have issued the FCAN to Ms. Moore regardless of her race or protected activity (which Delta expressly denies considering).

V.   Ms. Moore cannot prove that she sustained any damages from receiving the FCAN.

VI.   Ms. Moore failed to mitigate her damages. Ms. Moore failed to improve her performance after receiving the June 12, 2016 written coaching. To the extent Ms. Moore seeks compensatory damages, she cannot claim emotional distress caused by her own conduct. Additionally, Delta asserts that Ms. Moore is not entitled to seek and/or recover back pay damages.

VII.   Delta adopts and incorporates its affirmative defenses as set out in its Answer to the Plaintiff's First Amended and Restated Complaint (Doc. 22).

6.   <u>Discovery and Other Pretrial Procedures</u>.

   (a)   <u>Pretrial Discovery</u>.   Pursuant to previously entered orders of the court, discovery is closed.

   (b)   <u>Pending Motions</u>. None.

7.   <u>Trial Date</u>.

   (a)   This case is set for a jury trial on June 22, 2020.

   (b)   The trial of this matter is expected to last 2–3 days.

   (c)   The trial will occur in the United States District Courthouse, 101 Holmes Avenue, Huntsville, AL 35801.

8.   <u>Exhibit A</u>.   The parties must comply fully with each provision contained in Exhibit A – Standard Pretrial Procedures, attached herein.

It is **ORDERED** that the above provisions bind all parties unless modified by further order for good cause shown.

**DONE** and **ORDERED** this 19th day of February, 2020.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A – STANDARD PRETRIAL PROCEDURES

1. **Damages.** No later than **thirty (30) calendar days prior to the date set for trial**, the parties shall file and serve a list itemizing all damages and equitable relief being claimed or sought; such list shall show the amount requested and, where applicable, the method and basis of computation.

2. **Witnesses – Exchange of Lists.**

    (a) **Witnesses.** No later than **thirty (30) calendar days prior to the date set for trial**, the parties shall file and serve a list stating the names and addresses of all witnesses whose testimony they may offer at trial, including those witnesses the party expects to present by means of depositions with a listing of the specific pages from the depositions to be used.

    (b) **Presenting Witnesses by Deposition.**

    (1) The court will accept the parties' written or on-the-record agreement to use a deposition at trial even though the witness is available. In the absence of such an agreement, parties must comply with Fed R. Civ. P. 32.

    (2) As to any witnesses shown on such list to be presented by deposition, **within ten (10) business days after the filing of such list**, an opposing party may serve a list of additional pages of the deposition to be used, and may serve and file objections to the use of such deposition testimony under Rule 32 or Rule 26(a)(3)(B). Any objections to deposition testimony should be accompanied by excerpts from the depositions including the testimony to which the objection relates. Objections not disclosed, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived, unless excused by the court for good cause shown. Any responses to objections shall be filed **within five (5) business days after filing of said objections**.

    (3) Before trial, counsel must provide the courtroom deputy with a copy of all depositions to be used as exhibits at trial.

    (4)    To the extent possible, counsel will designate the <u>portion</u> of any deposition that counsel anticipates reading by citing pages and lines in the final witness list.

    (5)    Use of videotape depositions is permitted and the parties must make good faith efforts to agree on admissibility or edit the videotape to resolve objections.

    (6)    In a non-jury trial, for any deposition offered as a trial exhibit, counsel shall attach to the front of the exhibit a summary of what each party intends to prove by the deposition testimony, with line and page citations, and include an appropriate concordance of the deposition pages offered.

**3.**     <u>**Exhibits**</u>**.**

    (a)    **Exchange of lists.** No later than **thirty (30) calendar days prior to the date set for trial**, the parties shall file and serve a list providing an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those exhibits that the party expects to offer and those exhibits that the party may offer if the need arises. Unless specifically agreed by the parties in writing or allowed by the court for good cause shown, the parties shall be precluded from offering as substantive evidence any exhibit not so identified.

        Courtesy copies of Exhibit Lists should be submitted to the Clerk's office (for delivery to the judge's chambers), as well as emailed to the chambers email address at *johnson_chambers@alnd.U.S.C.ourts.gov*, in Adobe PDF format.

    (b)    **Objections and Stipulations.** Upon receipt of Exhibit Lists, the parties shall immediately meet and confer regarding any objections to the listed exhibits. Most objections should be cured by discussion, and the parties should stipulate as to the admissibility of as many exhibits as possible.

        As to any document or other exhibit on which agreement cannot be reached, including summaries of other evidence shown on such list, no later than **ten (10) business days after the filing of such list**, an opposing party shall serve and file objections, together with the grounds therefor, that may be made as to the admissibility of exhibits identified on

such list. Objections not so disclosed, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived, unless excused by the court for good cause shown.   Any responses to objections shall be filed **within five (5) business days after filing of said objections**.   The court generally rules on objections to exhibits outside the presence of the jury and will do so prior to opening statements, to the extent possible.

(c) **Counsel requiring authentication** of an opponent's exhibit must notify offering counsel in writing **within five (5) business days after the exhibit list is filed**.   Failure to do so is an admission of authenticity.   (Be mindful of the deadline to file motions in limine, which may be used to challenge the authenticity of exhibits.)

(d) **Marking.**   Each party that anticipates offering more than five (5) exhibits as substantive evidence shall pre-mark such exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. The court will provide up to 100 labels; if any party needs more labels, that party must use labels of the same type as those supplied by the court.   Counsel <u>must</u> contact the courtroom deputy for the appropriate exhibit list form for use at trial.   The court urges counsel to be judicious in determining which documents actually are relevant to necessary elements of the case.

(e) **Examination by Opposing Party.**   Except where beyond the party's control or otherwise impractical (*e.g.*, records from an independent third-party being obtained by subpoena), each party shall make such exhibits available for inspection and copying.   The presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been identified and was made available for inspection.

(f) **Court's Copies.**   In addition to the pre-marked trial exhibits mentioned above, the court requests for the bench an exhibit notebook of anticipated trial exhibits (to the extent possible and practical). The notebook should include a copy of the Exhibit List referenced above.

(g) In addition, each party who anticipates offering as substantive evidence as many as six exhibits shall pre-mark such exhibits in advance of trial, using exhibit labels and exhibit lists available from the Clerk of Court.   **Each party offering an exhibit shall also provide the courtroom deputy with an Adobe pdf formatted version of every exhibit offered at trial**

**for inclusion in the electronic record.** By the time the case is scheduled for trial, a copy of the exhibit list with the pre-marked numbers shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been so identified and made available for inspection.

**THE PARTIES ARE REMINDED THAT THEY WILL NOT BE ALLOWED TO USE AT TRIAL ANY WITNESS OR EXHIBIT NOT DISCLOSED IN ACCORDANCE WITH FED. R. CIV. P. 26(a) OR 26(e), UNLESS EXTREMELY GOOD CAUSE IS SHOWN AND THE OFFERING PARTY CAN SHOW THAT ITS FAILURE TO DISCLOSE WAS HARMLESS.** *See* **Fed. R. Civ. P. 37(c)(1).**

4. <u>Motions In Limine</u>

No later than **ten (10) business days** after filing of witness and exhibit lists, the parties may file motions in limine which shall be accompanied by supporting memoranda. Parties are encouraged to resolve evidentiary issues by stipulation whenever possible. Parties may file oppositions to motions in limine within **five (5) days after the filing of said motions**.

5. <u>Trial Submissions to Court</u>.

No later than **fourteen (14) days prior to the scheduled trial date**, each party will submit the following to the Clerk's office (for delivery to the judge's chambers):

(a) A listing of any special evidentiary or other anticipated legal problems with citation to legal authority that supports the party's position.

(b) Any special questions or topics for voir dire examination of the jury venire.

Parties may, if they desire, file trial briefs. Any such briefs must be filed at least **fourteen (14) days prior to trial**. Opposing parties may respond to such trial briefs at least **seven (7) days prior to trial**. The briefs, if any, should not exceed ten (10) typed pages. Additionally, should email courtesy copies of all briefs to the chambers email address at *johnson_chambers@alnd.U.S.C.ourts.gov*, in Adobe PDF format.

6a. *<u>Jury Charges</u>.

No later than **fourteen (14) days prior to the scheduled trial date**, the parties shall file a **single, joint proposed jury charge**, including all necessary instructions, or definitions applicable to the specific issues of the case. The parties need not submit standard generic instructions regarding routine matters, e.g., burden of proof, credibility of witnesses, duty of jurors, etc.  The parties should also file any requested **special verdict forms and/or interrogatories.**

- (a) **Each** requested **instruction** must be <u>numbered</u> and presented on a separate sheet of paper with authority cited.

- (b) In their joint, proposed jury materials, counsel are to include all necessary instructions or definitions, specifically including items of damages and methods of calculation of damages.  Counsel are to use the current Eleventh Circuit Pattern Jury Instructions, or appropriate state pattern jury instructions, as modified by case law or statutory amendments, wherever possible.  Any deviations must be identified, and accompanied with legal authorities for the proposed deviation.

- (c) Even if the parties, in good faith, cannot agree on all instructions, definitions or questions, the parties should nonetheless submit a single, **unified** charge.  Each disputed instruction, definition, or question should be set out in bold type, underlined or italics and identified as disputed. Each disputed item should be labeled to show which party is requesting the disputed language.  Accompanying each instruction shall be all authority or related materials upon which each party relies.  **The parties shall also email the unified charge and any special verdict forms and/or interrogatories, in Word or WordPerfect format, to the chambers email address at** *johnson_chambers @alnd.U.S.C.ourts.gov.*

**6b.   *Trial[Non-Jury].**

- (a) <u>Proposed Facts</u>.

    - (1) No later than **twenty-five (25) calendar days prior to trial**, Plaintiff's counsel shall submit to Defendant's counsel a statement setting forth the principle facts proposed to be proved by Plaintiff

in support of their claims as to liability and damages. These facts should be set out in short, separately numbered paragraphs.

(2) No later than **fifteen (15) calendar days prior to trial**, Defendant's counsel shall return the statement of principle facts to Plaintiff's counsel, indicating thereon those factual contentions of the Plaintiff with which they disagree and including any additional facts Defendant proposes to prove.

(3) No later than **seven (7) calendar days prior to trial**, Plaintiff's counsel shall indicate on the statement of principle facts those additional factual contentions of Defendant with which Plaintiff disagrees and shall file with the court the modified statement of principle facts, serving a copy thereof on opposing counsel. The final product should have all agreed facts, regardless of by whom proposed, collected under one heading and have the respective additional disputed facts proposed by the parties collected under separate headings. The final product should be submitted to the Clerk's office (for delivery to the judge's chambers), and then emailed to the chambers email address at *johnson_chambers@alnd.U.S.C.ourts.gov*, in Word or WordPerfect format.

(4) In stating facts proposed to be proved, counsel shall do so in simple, declarative, consecutively numbered sentences, avoiding "color words," labels, and legal conclusions. In indicating disagreement with a proposed fact, counsel shall do so by deletion or interlineation of particular words and phrases so that the nature of the disagreement will be clear. Objections to the admissibility of a proposed fact (whether as irrelevant or on other grounds) may be made at trial and, without court order, may not be used to avoid indicating agreement or disagreement with the truth of the proposed fact.

(b) Proposed Conclusions of Law.

(1) No later than **twenty-five (25) calendar days prior to trial**, Plaintiff's counsel shall submit to Defendant's counsel a statement setting forth the principles of law, with citation to authority, that

> Plaintiff contends are applicable to the case. These principles should be set out in short, separately numbered paragraphs.

(2) No later than **fifteen (15) calendar days prior to trial**, Defendant's counsel shall return the statement of principles of law, indicating thereon those principles of law of the Plaintiff with which they disagree, and including any additional principles of law on which Defendant relies.

(3) No later than **seven (7) calendar days prior to trial**, Plaintiff's counsel shall indicate on the statement of principles of law those additional principles of law of Defendant with which Plaintiff disagrees and shall file with the court the modified statement of principles of law, serving a copy thereof on opposing counsel. The final product should have all agreed principles of law, regardless of by whom proposed, collected under one heading and have the respective additional disputed principles proposed by the parties collected under separate headings. The final product should be submitted to the Clerk's office (for delivery to the judge's chambers), and then emailed to the chambers email address at *johnson_chambers@alnd.U.S.C.ourts.gov*, in Word or WordPerfect format.

7. <u>**Court's Expectations**</u>.

(a) The court will expect all parties to be ready for trial as of the trial date set in the Pretrial Order unless a continuance is requested **within ten (10) business days after the date on which the court enters the Pretrial Order**. Continuances based on inadequate preparation will not be considered favorably.

(b) The court calls to the attention of all parties the various time requirements in the Pretrial Order and Exhibits. The court strictly adheres to these time requirements to avoid last minute requests for rulings.

(c) Any case announced settled after the Pretrial Conference but before the scheduled trial date will be dismissed with prejudice and with costs taxed

as paid on the scheduled trial date unless a different stipulated judgment form is submitted on or before the scheduled trial date.